**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50329 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02674-LAB |
| v. | |
| ALEXANDER MONZONI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 17, 2018[**]

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Alexander Monzoni appeals from the district court's judgment and

challenges the five-year term of supervised release and three conditions of

supervised release imposed following his guilty-plea convictions for importation of

cocaine and methamphetamine, in violation of 21 U.S.C. §§ 952 and 960.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm as to the supervised release term but remand as to the challenged supervised release conditions.

Monzoni first contends that the district court procedurally erred by failing to calculate the Guidelines range for the supervised release term and by insufficiently explaining its decision to impose a five-year term. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. Monzoni has not shown a reasonable probability that he would have received a different sentence had the district court expressly calculated the applicable Guidelines range. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008). Moreover, the district court's reasons for imposing an above-Guidelines term of supervised release are apparent from the record as a whole, *see United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc), and the court did not rely on any proscribed factor in imposing the five-year term. *See* 18 U.S.C. §§ 3553(a) and 3583(c).

Monzoni also contends that the written judgment imposed three conditions of supervised release that conflict with the court's oral pronouncement of sentence. The government concedes, and we agree, that conditions seven and eight conflict with the oral pronouncement of sentence, which did not include these nonstandard conditions. *See United States v. Napier*, 463 F.3d 1040, 1042-43 (9th Cir. 2006). By contrast, condition four's mandate that Monzoni support his dependents merely

2                                                                                    17-50329

clarified the district court's oral pronouncement that Monzoni was required to support his family, and it was adequately supported by the record. *See* U.S.S.G. § 5D1.3(d)(1)(A); *Napier*, 463 F.3d at 1043. Nonetheless, the phrase "and meet other family responsibilities" in condition four is unconstitutionally vague. *See United States v. Evans*, 883 F.3d 1154, 1162-63 (9th Cir. 2018). We therefore remand to the district court with instructions to conform the judgment with the oral pronouncement of sentence by striking conditions seven and eight, and striking from condition four the phrase "and meet other family responsibilities." *See United States v. Hicks*, 997 F.2d 594, 597 (9th Cir. 1993).

**AFFIRMED in part; REMANDED in part with instructions.**

17-50329